**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EDWARD SIMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 05-913C** |
| **v.** | ) | **(Judge Wolski)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully submit the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A. When necessary, plaintiff, Edward Sims, and defendant, the United States, will present separate views in response to these questions.

a. Jurisdiction

Plaintiff avers that the Court has jurisdiction to hear and to decide the action. Defendant states that it appears at this time that the Court has jurisdiction to decide plaintiff's claim.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties do not believe that bifurcation is appropriate in this case.

d. Deferral

The parties agree that this case should not be deferred pending resolution of another case before this Court or any other court or adjudicatory body.

e. Remand/Suspension

Neither party seeks remand or suspension of this case.

f. Joinder

Neither party intends to join additional parties.

g. Dispositive Motions

1. For the plaintiff: At this time, the plaintiff contemplates a motion for summary judgment.

2. For the defendant: At this time, defendant does not contemplate either a motion to dismiss or a motion for summary judgment.

h. Relevant Factual And Legal Issues

Based upon a preliminary review of the case, the relevant issues are as follows:

1. For the plaintiff: The relevant issues in this case are:

A. Whether the defendant had the right under the lease to unilaterally deduct a portion of the lease payments for roof work it unilaterally conducted on the Ellensburg, Washington, Post Office building on its own initiative.

B. Whether prior roof work conducted by the defendant on the Ellensburg, Washington, Post Office building was the cause of the leaks leading to the most recent roof work which the cost of the defendant is withholding from its lease payments.

2. For the defendant: The relevant issues in this case are:

A. Whether the Ellensburg, Washington, Post Office was in tenantable condition, as that term is used in the lease, because of the persistent, multiple leaks in the roof;

B. If the Ellensburg, Washington, Post Office was not in tenantable condition, whether that condition was the result of the plaintiff's failure to maintain the building,

as required by the lease, or the result of actions or omissions of the defendant, acting through the United States Postal Service; and

C. If the Ellensburg, Washington, Post Office was not in tenantable condition, whether defendant was entitled to perform roof work on its own and charge the costs to plaintiff, given plaintiff's failure to put the building in tenantable condition with reasonable diligence after having been notified on several occasions.

i. Settlement

The parties have had preliminary discussions regarding the case, but have not progressed into substantive discussions yet. The parties have agreed to conduct some informal document discovery that will result in substantive discussions in the near future. At that time, they expect to discuss settlement as part of their overall discussion of the case.

j. Trial

The parties propose that fact discovery continue until June 30, 2006, and expert discovery until July 31, 2006. Fact discovery will include document production, written discovery, and depositions in accordance with the RCFC. The parties propose a deadline of August 31, 2006, for the submission of dispositive motions, if any. If dispositive motions are not filed and this matter is not resolved, the parties propose that a trial be held in the fall of 2006. If dispositive motions are filed, and a trial is necessary to decide this case, the parties propose that the trial be held two to four months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately two to three days.

k. Electronic Case Management

At this time, the parties do not anticipate any special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/ William M. Palmer, Esq.
WILLIAM M. PALMER
124 Mount Auburn Street
Suite 200N
Cambridge, Massachusetts 02138
(617) 576-5772

Attorney for Plaintiff

s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Commercial and Appellate Litigation
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6523
Washington, D.C. 20260-1127
(202) 268-4037

Attorneys for Defendant

January 13, 2006