**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EDWARD SIMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 05-913C** |
| **v.** | ) | **(Judge Wolski)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S UNOPPOSED MOTION**
**FOR AN AMENDMENT TO THE SCHEDULING ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims, defendant respectfully requests an amendment to the Court's scheduling order, as contained in the Court's order, dated February 7, 2006. In that order, the Court set several deadlines, namely, that fact discovery would close by June 30, 2006, that expert discovery would close by July 31, 2006, that a joint status report was due on August 4, 2006, and that dispositive motions were due by August 31, 2006. Defendant is respectfully requesting an amendment of these deadlines as follows: fact discovery will close on October 31, 2006; expert discovery will close on November 30, 2006; a joint status report will be due on December 4, 2006; and dispositive motions will be due by December 31, 2006. Plaintiff supports this motion, which is defendant's first request for an enlargement of time for this purpose. Neither of the parties has previously sought an amendment to the scheduling order.

This request is necessary in order to allow the parties to conduct additional discovery that may narrow the scope of the dispute and possibly lead to a resolution of this case without further judicial intervention. The parties have conducted some voluntary discovery, but due to the

conflicting schedules of counsel and the widely dispersed locations of the parties,[1] the parties have not been able to engage in more substantive formal discovery. Defendant expects that, with the benefit of the proposed amendment to the scheduling order, fact discovery will be completed on or before October 31, 2006.

Therefore, defendant believes that it has demonstrated good cause why this motion for an amendment to the scheduling order should be granted.

Respectfully submitted,

s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Commercial and Appellate Litigation
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4037

July 10, 2006

[1] The plaintiff is located in Florida and plaintiff's counsel is in Massachusetts. Defendant's counsel is located in Washington D.C., whereas the contracting office for defendant for this case is in Denver, Colorado, and the actual situs of the dispute is in Ellensburg, Washington.